*In re* MANN.

PRISONS—RULES—PAROLED CONVICT—FORFEITURE OF GOOD TIME.
    1 Comp. Laws 1897, § 2112, authorizes the board of control of
    the State prison to prescribe by general rule how much good
    time a convict shall forfeit for more than one infraction of
    the prison rules in any month, and to take away by special
    order any part or the whole of a convict's good time for
    serious act of insubordination, attempt to escape, or escape.
    In pursuance of the statute, a rule was adopted providing
    for a forfeiture of all good time of convicts assaulting a keeper
    or guide, or implicated in an escape or attempt to escape.  No
    rule authorizes such a forfeiture for misconduct of the con-
    vict while on parole.  *Held,* that where a paroled convict
    became drunk, in violation of the rules governing his parole,
    and was returned to prison, the board was without authority
    to declare a forfeiture of all his good time, and to retain
    him in custody beyond the time when his sentence, with
    the good-time 'deduction, would expire.

*Habeas corpus* by Charles Mann to obtain his dis-
charge from the State prison at Jackson.  Submitted
December 4, 1900.  Petitioner discharged December 19,
1900.

*William E. Ware,* for petitioner.

*Horace M. Oren,* Attorney General, for respondent
warden.

MOORE, J.  Charles Mann was sentenced to the State
prison November 12, 1891, for 10 years.  He was paroled
April 12, 1897.  He violated the terms of his parole, and
was returned to the prison May 9, 1899.  Many questions
are raised by counsel, but, as one of them is decisive, we
do not deem it necessary to pass upon the others.

Under the parole law, the prisoner is entitled to good
time, which will reduce his sentence; and, if he had not
forfeited any good time, petitioner would have had less

than a month to serve when he was returned to prison. Since then he has served upwards of 18 months. Rule 4, p. 8, of the rules governing the parole of a convict, provides that he shall in all respects conduct himself honestly, avoid evil associations, and in general pursue the course of a law-abiding citizen. It is claimed he violated this rule by becoming drunk, and was arrested for larceny. After he was returned to prison, all his good time was declared forfeited. Rule 8, p. 9, of the rules governing the parole of convicts, provides that the convict on parole will receive the benefit of good time, and suffer the same forfeiture, under the statute, as if he were within the prison inclosure.

Section 2112, 1 Comp. Laws 1897, provides:

"The board may, by general rule, subject to amendment from time to time, prescribe how much of the good time earned under the foregoing provisions a convict shall forfeit for more than one infraction of the prison rules in any month; and for any serious act of insubordination, attempt to escape, or escape, the board may, by special order, take away any portion or the whole of the good time made by any convict up to the date of such offense."

Acting under the provisions of this statute, the prison board adopted 28 rules relating to the duties and obligations of convicts. Rule 22 provides for the forfeiture of all good time of any convict who shall assault a keeper, guide, or foreman, with intent to do him serious bodily harm. Rule 23 provides that a convict shall lose a portion of his good time for a violation of any rule of the prison; and for two or more offenses in one month the violations may be regarded as though they were committed in different months. Rule 27 provides for the forfeiture of all good time of any convict who shall escape from the prison, or attempt or conspire with others to escape, or shall be found with tools or weapons to be used in making an escape, or who shall manufacture any instrument or weapon to aid in making an escape. This rule also provides that any inmate who shall be guilty of any other

violation of the rules of the institution shall lose, for such offense, as much time as the board may deem proper to deduct, providing it does not exceed the good time he could have earned in the month in which the violation occurred.

We have called attention to the substance of all the rules in relation to the forfeiture of all of the good time of the convict. None of them authorizes such a forfeiture for a violation of rule 4, p. 8, of the rules relating to convicts on parole.

The statute in relation to the good time of convicts has been before this court before. In *Re Canfield*, 98 Mich. 644 (57 N. W. 807), the following language was used:

"In our opinion, the language of the act clearly indicates that the intention of the legislature was to assure to the convict a prescribed reduction upon compliance with the rules of the prison, which should·be made known to him from time to time, and this right to earn a reduction of the term was one of which he could not be deprived. Such was the view taken by the court in *Re Walsh*, 87 Mich. 466 (49 N. W. 606); and the supreme court of Massachusetts reached a similar conclusion in relation to an act of that State upon which its opinion was asked by the governor (13 Gray, 618)."

We think the forfeiture of all of the good time of the convict was not authorized by any of the rules governing the convicts.

The petitioner will be discharged.

The other Justices concurred.