LOWE v DEPARTMENT OF CORRECTIONS (ON REHEARING)

Docket No. 138095. Submitted September 8, 1993, at Lansing. Decided November 15, 1993, at 9:35 A.M. Submitted on rehearing December 21, 1993. Decided on rehearing July 5, 1994, at 9:30 A.M.

Michael C. Lowe, an inmate in the custody of the Department of Corrections following his July 9, 1981, sentencing for convictions of Proposal B offenses, MCL 791.233b; MSA 28.2303(3), brought an action in the Muskegon Circuit Court against the Department of Corrections and its director, seeking a writ of mandamus compelling the department to grant disciplinary credits against his maximum sentence pursuant to MCL 800.33; MSA 28.1043. Pursuant to a policy directive of the department, PD-DWA-35.05, the plaintiff was earning disciplinary credits against his minimum sentence beginning on January 1, 1983, and earning good-time and special good-time credits against his maximum sentence beginning on the effective date of his sentence. The court, R. Max Daniels, J., refused to issue a writ of mandamus. The Court of Appeals (WEAVER, P.J., and SHEPHERD and CAVANAGH, JJ.), in an unpublished memorandum opinion decided June 17, 1993 (Docket No. 138095), reversed and remanded. On remand, the trial court ruled that the plaintiff was eligible for disciplinary credits against his maximum and minimum sentences, but was not eligible for good-time credits on his maximum sentence after December 30, 1982. However, the trial court again refused to issue a writ because the plaintiff was receiving good-time credits on his maximum sentence pursuant to the policy directive at a faster rate than the disciplinary credits he would otherwise receive pursuant to MCL 800.33; MSA 28.1403, as amended by 1986 PA 322. After remand, the Court of Appeals (WAHLS, P.J., and SHEPHERD and CAVANAGH, JJ.), in an opinion decided November 15, 1993, and originally scheduled for publication (Docket No. 138095), held that the plaintiff was entitled to disciplinary

REFERENCES

Am Jur 2d, Penal and Correctional Institutions § 228.

See ALR Index under Prisons and Prisoners; Sentence and Punishment.

credits against his maximum sentence after December 30, 1982, but that, in order to avoid double credit, he was not entitled to good-time credits after December 30, 1982. The department moved for a rehearing. The Court of Appeals granted the motion and withdrew from publication its November 15, 1993, opinion.

On rehearing, the Court of Appeals *held:*

PD-DWA-35.05 conforms to the legislative scheme in a way that is consistent with the intent behind MCL 800.33(5); MSA 28.1403(5), as well as the constitutional prohibition against ex post facto laws.

1. MCL 800.33(5); MSA 28.1403(5), as amended by 1982 PA 442, effective December 30, 1982, provides that accumulated disciplinary credits are to be deducted from a prisoner's minimum and maximum sentences. However, persons in the plaintiff's position who were sentenced before the inception of disciplinary credits on December 30, 1982, were also eligible to receive good-time credits on their maximum sentences. It is obvious that the Legislature could not have intended to give Proposal B offenders a higher total of early release credits on their maximum sentences than other offenders. Therefore, the plaintiff should not receive both good-time and disciplinary credits on his maximum sentence.

2. In view of the faster rate at which the plaintiff can earn early release credits through good-time credits against his maximum sentence rather than through disciplinary credits against the maximum sentence, the constitutional prohibition against ex post facto laws would be violated if the plaintiff were allowed to earn disciplinary credits against the maximum sentence instead of good-time credits against the maximum sentence as provided under the policy directive.

Affirmed in part and reversed in part.

Sentences — Good-Time Credits — Disciplinary Credits — Proposal B Offenders.

A person convicted of a Proposal B offense and receiving good-time credits against the maximum sentence before December 30, 1982, is thereafter entitled to continue receiving good-time credits against the maximum sentence and to receive disciplinary credits against the minimum sentence (MCL 791.233b, 800.33[5]; MSA 28.2303[3]; 28.1403[5]).

*Daniel E. Manville,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, and *Chester S. Sugierski, Jr.,* Assistant Attorney General, for the defendants.

ON REHEARING

Before: WAHLS, P.J., and SHEPHERD and CAVANAGH, JJ.

SHEPHERD, J. This opinion on rehearing concerns the calculation of various credits that are awarded to prisoners in the custody of the Department of Corrections (DOC) as an incentive for good behavior. The credits represent days that are subtracted from a prisoner's term of imprisonment.

Before December 30, 1982, these credits were generally known as "good time" credits. Under MCL 800.33(2); MSA 28.1403(2), as it existed before December 30, 1982, a prisoner who had neither breached prison rules nor violated the laws of this state received good-time credit as follows:

> (a) During the first and second years of his sentence, 5 days for each month.
> (b) During the third and fourth years, 6 days for each month.
> (c) During the fifth and sixth years, 7 days for each month.
> (d) During the seventh, eighth, and ninth years, 9 days for each month.
> (e) During the tenth, eleventh, twelfth, thirteenth, and fourteenth years, 10 days for each month.
> (f) During the fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth years, 12 days for each month.
> (g) From and including the twentieth year, up to and including the period fixed for the expiration of

the sentence, 15 days for each month. [MCL 800.33(2)(a)-(g); MSA 28.1403(2)(a)-(g).[1]]

In addition to these "regular" good-time credits, prisoners were also eligible for "special" good-time credits, which were not to exceed fifty per cent of the amount of regular good-time credit.[2]

As a general rule, these good-time credits were applied to a prisoner's minimum and maximum sentences. However, with the approval of Proposal B in the November 1978 general election, the electorate circumscribed the early release of certain offenders. Proposal B, codified at MCL 791.233b; MSA 28.2303(3), and effective December 12, 1978, provided that the minimum sentence of a person convicted of certain enumerated offenses could not be reduced "by allowances for good time, special good time, or special parole." Thus, after December 12, 1978, Proposal B offenders were no longer eligible to receive good-time or special good-time credit on their minimum terms; but, they continued to be eligible to receive good-time and special good-time credit on their maximum terms. In this case, it is undisputed that the offenses for which plaintiff was sentenced on July 9, 1981, are Proposal B offenses.

After the imposition of plaintiff's sentence, MCL 800.33; MSA 28.1403 was amended, creating a new type of credit for Proposal B offenders. Effective December 30, 1982, Proposal B offenders became eligible for "disciplinary" credits and "special disciplinary" credits. 1982 PA 442. On December 30,

---

[1] MCL 800.33(2)(a)-(g); MSA 28.1403(2)(a)-(g) remains substantially the same today as in 1982. However, as will be discussed *infra,* the addition of a subsection 5 as a new exception to subsection 2 on December 30, 1982, would change the nature of these credits.

[2] Before December 30, 1982, special good-time credits were provided for under MCL 800.33(8); MSA 28.1403(8). Following a number of recent statutory amendments, special good-time credits are now provided for under MCL 800.33(12); MSA 28.1403(12).

1982, MCL 800.33; MSA 28.1403 provided as follows in relevant part:

(2) *Except as provided in* subsections (3), (4), and *(5)*, a convict who does not have an infraction of the rules of the prison or a violation of the laws of this state recorded against him shall receive a reduction from his sentence as follows:

(a) During the first and second years of his sentence, 5 days for each month.

(b) During the third and fourth years, 6 days for each month.

(c) During the fifth and sixth years, 7 days for each month.

(d) During the seventh, eighth, and ninth years, 9 days for each month.

(e) During the tenth, eleventh, twelfth, thirteenth, and fourteenth years, 10 days for each month.

(f) During the fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth years, 12 days for each month.

(g) From and including the twentieth year, up to and including the period fixed for the expiration of the sentence, 15 days for each month.

\* \* \*

*(5)* All prisoners serving a sentence on the effective date of this 1982 amendatory act or incarcerated after the effective date of this 1982 amendatory act for the conviction of a crime enumerated in section 33b(a) to (cc) of Act No. 232 of the Public Acts of 1953, being section 791.233b of the Michigan Compiled Laws, shall receive a disciplinary credit of 5 days per month for each month served after the effective date of this 1982 amendatory act. *Accumulated disciplinary credits shall be deducted from a prisoner's minimum and maximum sentence* in order to determine his or her parole eligibility dates.

\* \* \*

In addition to disciplinary credits, a prisoner

> may be awarded 2 days per month special discipli-
> nary credits for good institutional conduct on the
> recommendation of the disciplinary credit commit-
> tee and the concurrence of the warden or superin-
> tendent based on an annual review of the prison-
> er's institutional record. [Emphasis added.]

It is undisputed that the statutory plan for the
accumulation of disciplinary credits is less favora-
ble than that of good-time credits. Good-time cred-
its under subsection 2 simply accrue faster than
disciplinary credits under subsection 5.

Effective April 1, 1987, MCL 800.33; MSA
28.1403 was amended again to do away with good-
time credits altogether for offenses committed on
or after April 1, 1987. After that date all new
offenders became eligible to receive disciplinary
and special disciplinary credits only. See 1986 PA
322; MCL 800.33(3); MSA 28.1403(3).

Given the complexity of the statutory frame-
work, DOC adopted Policy Directive PD-DWA-35.05
in an attempt to comply with the Legislature's
intent. DOC Policy Directive PD-DWA-35.05 be-
came effective April 1, 1987, and provided as fol-
lows in relevant part:

> Disciplinary credits are earned as follows:
> 1) When serving for a Proposal B crime commit-
> ted on or after January 1, 1983 prisoners earn
> disciplinary credit on both their minimum and
> maximum sentence. (Type A)
> 2) When serving for a Proposal B crime commit-
> ted on or after December 10, 1978 but prior to
> January 1, 1983 prisoners earn disciplinary credit
> on their minimum sentence beginning January 1,
> 1983, but earn special and regular good time on
> their maximum sentence beginning from the date
> the sentence is effective. (Type B)

This means that under the current practice of the

DOC, a person in plaintiff's position is eligible for disciplinary credit on his minimum term beginning January 1, 1983, but is eligible for special and regular good-time credit on his maximum term dating back to the time of sentencing.

The genesis of this appeal was an order of the trial court denying plaintiff's request for a writ of mandamus to compel defendant to grant disciplinary credits against his maximum sentence pursuant to MCL 800.33(5); MSA 28.1403(5). In the first opinion in this case, we reversed and remanded for further proceedings because the trial court had failed to address plaintiff's issue concerning the applicability of MCL 800.33(5); MSA 28.1403(5) to his two remaining sentences[3] of ten to fifteen years for unarmed robbery and breaking and entering. *Lowe v Dep't of Corrections,* unpublished memorandum opinion of the Court of Appeals, decided June 17, 1993 (Docket No. 138095).

On remand, the trial court found that plaintiff was eligible to have disciplinary credits deducted from his maximum and minimum terms, but was not eligible for good-time credits on his maximum term after December 30, 1982. However, the trial court again denied plaintiff's petition for mandamus because plaintiff had been receiving good-time credits on his maximum term pursuant to DOC Policy Directive PD-DWA-35.05, under which plaintiff accumulated good-time credits faster than the disciplinary credits for which plaintiff claimed he was eligible under MCL 800.33(5); MSA 28.1403(5).

After remand, the matter came before this Court a second time. We then issued an opinion that was sent to the parties and was scheduled for publication. *Lowe v Dep't of Corrections,* decided Novem-

---

[3] An additional sentence of six to ten years for felonious assault has been terminated.

ber 15, 1993 (Docket No. 138095). In sum, we concluded in that opinion that the plain language of MCL 800.33(5); MSA 28.1403(5) compelled the result that Proposal B offenders in plaintiff's position were entitled to disciplinary credits on their maximum sentences after December 30, 1982. However, in order to prevent the accumulation of double credits, we also concluded that the Legislature must have intended the discontinuation of good-time credits after December 30, 1982.

On November 29, 1993, a motion for rehearing was filed by defendant. We granted rehearing on February 3, 1994, and ordered the parties to file supplemental briefs addressing the questions whether and how MCL 800.33(5); MSA 28.1403(5) can be reconciled with the constitutional prohibition against the enactment of ex post facto laws. On February 16, 1994, plaintiff moved for a stay of our November 15, 1993, opinion. On February 17, 1994, we granted plaintiff's motion for a stay of our November 15, 1993, opinion pending our decision on rehearing.

After careful review of the parties' supplemental briefs on rehearing, it appears that our prior opinion after remand was erroneous, and this opinion constitutes the proper evaluation of MCL 800.33(5); MSA 28.1403(5) and DOC Policy Directive PD-DWA-35.05. MCR 7.216(A)(7). Notably, at this point in the litigation, it appears that both parties are in agreement that our prior opinion was incorrect. In fact, both parties now agree that plaintiff should not have disciplinary credits deducted from his maximum sentence.[4] As such, we find that DOC Policy Directive PD-DWA-35.05 conforms to the

[4] Of particular interest, plaintiff's original position as stated in his initial in propria persona brief on appeal was that defendant should be compelled via a writ of mandamus "to follow the clear requirement of statute 800.33(5) and deduct accumulated disciplinary credits from his maximum sentence." More recently, in plaintiff's supplemen-

legislative scheme in a way that is consistent with the intent behind MCL 800.33(5); MSA 28.1403(5), as well as the constitutional prohibition against ex post facto laws.[5] Were we to hold otherwise, we would be in direct contradiction of the Michigan Supreme Court's holding in *In re Canfield,* 98 Mich 644; 57 NW 807 (1894), and the United States Supreme Court's holding in *Weaver v Graham,* 450 US 24; 101 S Ct 960; 67 L Ed 2d 17 (1981).

The following language from MCL 800.33(5); MSA 28.1403(5) is the centerpiece of this case:

> Accumulated disciplinary credits shall be deducted from a prisoner's minimum and maximum sentence in order to determine his or her parole eligibility dates.

In his original brief on appeal following the denial of his petition for a writ of mandamus, plaintiff argued that this statutory language required the deduction of disciplinary credits from his maximum sentence. However, persons in plaintiff's position who were sentenced before the inception of disciplinary credits on December 30, 1982, were also eligible to receive good-time credits on their maximum term. It being obvious that the Legislature could not have intended to give Proposal B offenders a higher total of early release credits on their maximum terms than other offenders, we can rule out the possibility that plaintiff should receive both good-time and disciplinary credits on

tal brief submitted pursuant to our February 3, 1994, order of rehearing, plaintiff takes the converse position that MCL 800.33(5); MSA 28.1403(5) "must be limited to being applied to the minimum sentences of those who were serving sentences prior to December 30, 1982."

[5] The state and federal constitutional prohibitions against the enactment of ex post facto laws are contained in Const 1963, art 1, § 10, and US Const, art I, §§ 9 and 10.

his maximum term. However, the question remains whether plaintiff should have either good-time or disciplinary credits applied to his maximum term.

Both *Canfield, supra* at 647, and *Weaver, supra* at 27, hold that a law enacted after the date of a prisoner's sentence that attempts to reduce the amount of credit given for good behavior—and that, in effect, increases the prisoner's sentence—violates the constitutional prohibition against ex post facto laws. Applying *Canfield* and *Weaver* to the instant case, an interpretation of MCL 800.33(5); MSA 28.1403(5) that would replace the more favorable good-time credits with less favorable disciplinary credits on a prisoner's maximum term would be unconstitutional.

In general, statutes are presumed to be constitutional. *People v Massey,* 137 Mich App 480, 486; 358 NW2d 615 (1984). Where there is doubt, the presumption of constitutionality justifies a construction that is somewhat contrary to the natural interpretation of the language used, if necessary to sustain the law. *People v Bandy,* 35 Mich App 53, 57; 192 NW2d 115 (1971).

In the present case, the language used in MCL 800.33(5); MSA 28.1403(5) that "disciplinary credits shall be deducted from a prisoner's minimum and maximum sentence" might appear to run contrary to the prohibition against ex post facto laws by the implication that it replaces good-time credits with disciplinary credits. However, we will presume that the Legislature intended a constitutional interpretation. *Massey, supra* at 486; *Bandy, supra* at 57. In other words, we will presume a constitutional interpretation that retains plaintiff's right to continue to receive good-time credits under the statutory scheme that was in effect at the time of sentencing.

We hold that Policy Directive PD-DWA-35.05 provides such a constitutional interpretation of MCL 800.33(5); MSA 28.1403(5) by retaining a prisoner's right to receive good-time credits on the maximum term while applying disciplinary credits to the minimum term after December 30, 1982. The DOC's Policy Directive PD-DWA-35.05 is an appropriate response to the statutory scheme enacted by the Legislature. As such, plaintiff is entitled to good-time and disciplinary credits in accordance with Policy Directive PD-DWA-35.05.

This opinion supersedes our November 15, 1993, opinion in this case. To the extent that the trial court's statutory interpretation differs from that expressed in this opinion, the trial court's decision is reversed. However, we affirm the trial court's decision to deny plaintiff's request for a writ of mandamus.

Affirmed in part and reversed in part.