*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WALTER MILLER,

        Defendant-Appellant.

UNPUBLISHED
June 25, 2019

No. 341425
Wayne Circuit Court
LC No. 86-008310-05-FC

Before: CAMERON, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

This appeal stems from defendant's resentencing pursuant to *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In 1987, defendant was convicted of first-degree murder, MCL 750.316; assault with intent to commit murder (AWIM), MCL 750.83; kidnapping, MCL 750.349; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant's convictions were based on his role in a shooting that occurred in 1986, when defendant was 17 years old. Following his jury trial convictions, the trial court sentenced defendant to life imprisonment without parole for his first-degree murder conviction, life imprisonment for his AWIM conviction, 30 to 60 years' imprisonment for his kidnapping conviction, and two years' imprisonment for his felony-firearm conviction, with the felony-firearm to be served consecutively to and preceding the sentences for his other three convictions, which were to be served concurrently.

In 2017, defendant was resentenced to 30 to 60 years' imprisonment for his first-degree murder conviction after the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments,' " *Miller*, 567 US at 465, and that this rule announced in *Miller* was to be applied retroactively to cases on collateral review, *Montgomery*, ___ US at ___; 136 S Ct at 732.

At the March 30, 2017 resentencing hearing, the trial court specifically stated that it was only resentencing defendant on his first-degree murder conviction. The trial court entered an amended judgment of sentence on the same day that only referenced defendant's 30 to 60 year sentence for the first-degree murder conviction, with credit for 10,424 days served. On April 7, 2017, the trial entered another amended judgment of sentence that included defendant's previously imposed sentences for his other three convictions in addition to his new sentence on his first-degree murder conviction. Defendant filed a claim of appeal in this Court from the March 30, 2017 judgment of sentence pertaining to his resentencing on the murder conviction. However, defendant subsequently moved the trial court for resentencing and a *Ginther*[1] hearing, arguing (1) that his sentence for AWIM was constitutionally invalid as it was a violation of defendant's Eighth Amendment rights,[2] because it was harsher than his murder sentence and did not provide him with a meaningful opportunity for release; and (2) that defense counsel provided ineffective assistance of counsel by failing to challenge this sentence, failing to object to the denial of good time credits when defendant was resentenced on his murder conviction, and for not objecting to the trial court's failure to update the presentence investigation report (PSIR) to provide a guidelines score for defendant's AWIM conviction. On March 7, 2018, the trial court entered an order denying defendant's motion, reasoning that (1) the "original sentence is valid and not subject to re-sentence unless the Court of Appeals, Supreme Court or Legislature decide otherwise" and (2) that " 'Good time credit' is a function of the Michigan Department of Corrections; not the trial court."[3] Defendant now indicates in his appellate brief filed through counsel that his appeal is from this March 7, 2018 order denying his motion for resentencing, and defendant requests that this Court remand this matter to the trial court for resentencing.

## II. JURISDICTION OVER THIS APPEAL

As an initial matter, we must address the prosecution's challenge to our jurisdiction over this appeal. The prosecution argues that defendant's appeal is solely devoted to challenging his AWIM sentence of life with the possibility of parole and that such a challenge is procedurally barred because it could only have been made through a motion for relief from judgment under MCR 6.502, which was a motion that defendant was prohibited by MCR 6.502(G)(1) from making since he had previously availed himself of his one permissible opportunity for bringing a motion for relief from judgment. The prosecution further argues that defendant's motion challenging his AWIM sentence therefore could only be construed, at best, as a successive

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] See Const 1963, art 1, § 16.

[3] We note that we have been provided with a seemingly incomplete lower court file, which does not contain all of these motions and orders. However, defendant has provided this Court with copies of the missing items that are pertinent to the various arguments he raises on appeal, both through counsel and in his Standard 4 brief. For purposes of addressing defendant's appellate issues, we operate under the assumption that these motions and orders are, in fact, part of the complete lower court record.

motion for relief from judgment and that MCR 6.502(G)(1) does not allow a defendant to "appeal the denial or rejection of a successive motion."

"Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009); see also MCR 7.216(A)(10). "The jurisdiction of the Court of Appeals is governed by statute and court rule." *Chen*, 284 Mich App at 191. We review de novo, as a question of law, the existence of our jurisdiction. *Id*. Issues involving the interpretation of statutes and court rules are also questions of law that are reviewed de novo. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012).

In this case, the prosecution's argument, although couched in terms of "jurisdiction," is, in reality, an argument regarding the proper scope of an appeal from a *Miller* resentencing, as well as a general objection to the somewhat confusing procedural posture of the instant appeal. A review of the pertinent procedural facts illustrates the issue presented by the prosecution's argument.

On March 30, 2017, defendant was resentenced on his life-without-parole first-degree murder sentence to a term of 30 to 60 years' imprisonment pursuant to the United States Supreme Court's decisions in *Miller* and *Montgomery*, as well as Michigan's statutory provisions containing governing rules for carrying out *Miller* resentencing proceedings—those being MCL 769.25 and MCL 769.25a. Defendant filed a claim of appeal in this Court from his March 30, 2017 resentencing. This Court has jurisdiction over appeals from "a sentence imposed following the granting of a motion for resentencing," and such appeals are by right. MCR 7.202(6)(b)(*iii*); MCR 7.203(A)(1).

Defendant subsequently moved in the trial court for resentencing pursuant to MCR 7.208(B)(1), which provides that "[n]o later than 56 days after the commencement of the time for filing the defendant-appellant's brief as provided by MCR 7.212(A)(1)(a)(iii), the defendant may file in the trial court a motion for a new trial, for judgment of acquittal, to withdraw a plea, or to *correct an invalid sentence*." (Emphasis added.) Under MCR 6.429(A), the trial court "may correct an invalid sentence . . . on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law." "If a claim of appeal has been filed, a motion to correct an invalid sentence may . . . be filed in accordance with the procedure set forth in MCR 7.208(B) . . ." MCR 6.429(B)(2). "[T]he trial court lacks authority to set aside a valid sentence once the defendant begins serving it." *People v Wybrecht*, 222 Mich App 160, 166; 564 NW2d 903 (1997). "*[A]bsent a tangible legal or procedural error that makes a sentence invalid*, the trial court cannot alter a sentence that a defendant has begun to serve." *Id*. at 167 (emphasis added). The trial court denied defendant's motion for resentencing. A defendant may continue with his or her appeal of right following a trial court's denial of the motion for resentencing. See MCR 7.208(B)(6). Thus, we have jurisdiction over defendant's

appeal in which he argues that the trial court erred by denying his motion for another resentencing.[4]

### III. DEFENDANT'S APPELLATE ISSUES

We now turn to the substantive merits of defendant's appellate arguments challenging the validity of his sentence, which raise issues related to the constitutionality of defendant's sentence, ineffective assistance of counsel, and the interpretation and application of statutes and court rules.

"In Michigan, a trial court's authority to resentence a defendant is limited." *People v Whalen*, 412 Mich 166, 169; 312 NW2d 638 (1981). A trial court is "without authority to set aside a valid sentence and impose a new one, because to do so would infringe upon the exclusive

---

[4] We note that like the prosecution, we understand the central argument advanced by defendant, both in his motion for resentencing and on appeal, to be that the rational of *Miller* applies with equal force to his life-with-parole sentence for AWIM such that he should also have been resentenced on that conviction in addition to his first-degree murder conviction. For the reasons to be explained later in this opinion, defendant's AWIM sentence did not clearly fall within the purview of the holding in *Miller*. Thus, defendant's challenge to this sentence appears to be more of a collateral attack on his sentence that would have been more properly raised through a motion for relief from judgment under MCR 6.502. See MCR 6.429(B)(4) ("If the defendant is no longer entitled to appeal by right or by leave, the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500."). The record indicates that defendant has previously made his one motion for relief from judgment that is permitted by MCR 6.502(G)(1) and that this motion was denied. Accordingly, had defendant raised his present challenges to his AWIM sentence by a motion for relief from judgment, it would have been a successive motion, which is generally prohibited by MCR 6.502(G)(1).

However, MCR 6.502(G)(2) permits a defendant to "file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment." In this case, defendant essentially argues that the retroactive effect of *Miller* also applies to life-with-parole sentences. Had defendant raised such an argument through a proper successive motion for relief from judgment under MCR 6.502(G)(2), that subrule further provides that the motion would have been referred "to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions," which in this case would be the exception involving a retroactive change in law. Appeals from motions for relief from judgment are by leave, MCR 6.509(A), and appellate courts will review a trial court's decision on a successive motion for relief from judgment that is made under MCR 6.502(G)(2) and based on a claimed retroactive change in law that occurred after the first motion for relief from judgment, see *People v Barnes*, 502 Mich 265, 267-268, 274-275; 917 NW2d 577 (2018). Therefore, we would still have been able to exercise our discretion to review defendant's arguments even if they had been made through a motion for relief from judgment. Had this appeal resulted from that procedure instead, we would have reached the same result that we reach in this opinion.

power of the governor under the Constitution to commute sentence." *Id*. (quotation marks and citation omitted). Appellate review of whether a trial court exceeded its authority to set aside a sentence, and the related question of a sentence's validity, is de novo. See *id*. at 169-171; *People v Miles*, 454 Mich 90, 96-98; 559 NW2d 299 (1997). We review constitutional issues de novo. *People v Williams*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 339701); slip op at 2. We also review de novo issues involving the interpretation of statutes and court rules. *Cole*, 491 Mich at 330. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007) (quotation marks and citation omitted). "Findings on questions of fact are reviewed for clear error, while rulings on questions of constitutional law are reviewed de novo." *Id*. However, because no *Ginther* hearing was held in this case, our review is "limited to errors apparent on the record." *Id*.

As previously stated, defendant in this case was required to demonstrate a "tangible legal or procedural error" that made his sentence invalid in order to be entitled to any relief on his motion for resentencing. *Wybrecht*, 222 Mich App at 167. In his motion, defendant raised several challenges that depended on his fundamental contention that his *AWIM sentence of life with the possibility of parole* was a "de facto life sentence" that was constitutionally invalid. Defendant argued that defense counsel was ineffective for failing to challenge this sentence and for not objecting to the trial court's failure to update the PSIR to provide a guidelines score for defendant's AWIM conviction. Additionally, defendant made a cursory argument that defense counsel provided ineffective assistance of counsel by failing to object to the trial court's "denial" of good time credits at the resentencing. This last argument was the only argument that defendant raised that related to his resentencing on his murder conviction. The trial court denied defendant's motion for resentencing on the grounds that the original sentence was valid and that good time credit was determined by the Michigan Department of Corrections rather than the trial court. Defendant resurrects these arguments on appeal, both through counsel and in his Standard 4 brief. Defendant also raises additional arguments in his Standard 4 brief. We will address all of these arguments in turn.

First, defendant did not demonstrate any legal or procedural error with his *Miller* resentencing based on the fact that he was not resentenced on his AWIM sentence of life with the possibility of parole.

In *Miller*, 567 US at 465, the United States Supreme Court held that "*mandatory life without parole*" sentences for individuals who were under the age of 18 when they committed their crimes are unconstitutional violations of the Eighth Amendment. (Emphasis added.) The *Miller* Court explained that its holding was concerned with the mandatory imposition of this particular "harshest prison sentence" on juveniles without any consideration of "how children are different." *Id*. at 479-480. The Court also clarified that a "State is not required to guarantee eventual freedom, but must provide some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id*. at 479 (quotation marks and citation omitted). Further, in *Montgomery*, ___ US at ___; 136 S Ct at 736, the United States Supreme Court explicitly condoned life-with-the-possibility-of-parole sentences as an option for satisfying the holding of *Miller*: "A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient

immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." (Citation omitted.)

Similarly, this Court subsequently held that a sentence of "life with the possibility of parole satisfied *Miller*'s mandate." *Williams*, ___ Mich App at ___; slip op at 4. We reasoned that the defendant's eligibility for parole constituted a "meaningful opportunity to obtain release," even though attaining parole status when serving a life sentence involves a somewhat difficult process. *Id.*

In addition, MCL 769.25 and MCL 769.25a are the relevant statutory provisions governing the procedures for resentencing individuals like defendant in the wake of *Miller* and *Montgomery*. MCL 769.25a(2) provides in pertinent part that if the United States Supreme Court determines that the decision in *Miller* "applies retroactively to all defendants who were under the age of 18 at the time of their crimes, and that decision is final for appellate purposes, the determination of whether *a sentence of imprisonment for a violation set forth in section 25(2) of this chapter* shall be imprisonment for life without parole eligibility or a term of years as set forth in section 25(9) of this chapter shall be made by the sentencing judge or his or her successor as provided in this section." (Emphasis added.) MCL 769.25(2), in turn, provides a list of criminal offenses that includes first-degree murder[5] and "[a]ny violation of law involving the death of another person for which parole eligibility is expressly denied under state law."[6] AWIM does not appear in this list of offenses to which a resentencing based on the retroactive application of *Miller* applies pursuant to the statute. MCL 769.25(2); MCL 769.25a(2). Moreover, AWIM is not brought within these statutory provisions through MCL 769.25(2)(d) because AWIM is not a "violation of law involving the death of another person" and the AWIM statute does not expressly deny parole eligibility. See MCL 750.83.

Accordingly, pursuant to *Miller*, *Montgomery*, MCL 769.25a(2), and MCL 769.25(2), defendant was not entitled to be resentenced for his AWIM sentence of life with the possibility of parole. When a sentence is partially invalid, the sentence may only be corrected to the extent that the sentence was legally invalid and the valid portion of the sentence remains intact; the entire judgment of sentence is not wholly set aside. *People v Thomas*, 447 Mich 390, 393-394; 523 NW2d 215 (1994); see also MCL 769.24.[7] Pursuant to *Miller*, *Montgomery*, MCL

---

[5] See MCL 769.25(2)(b) (listing MCL 750.316, which is the first-degree murder statute).

[6] See MCL 769.25(2)(d).

[7] MCL 769.24 provides as follows:

> Whenever, in any criminal case, the defendant shall be adjudged guilty and a punishment by fine or imprisonment shall be imposed in excess of that allowed by law, the judgment shall not for that reason alone be judged altogether void, nor be wholly reversed and annulled by any court of review, but the same shall be valid and effectual to the extent of the lawful penalty, and shall only be reversed or annulled on writ of error or otherwise, in respect to the unlawful excess.

769.25a(2), and MCL 769.25(2), defendant's first-degree murder sentence was the only portion of his sentence that was determined to be unconstitutional under *Miller* and *Montgomery* and for which resentencing was provided for by our Legislature's response to *Miller* that was set forth in MCL 769.25a(2) and MCL 769.25(2). Defendant's sentence of life *with the possibility of parole* for his AWIM conviction was not rendered unconstitutional under *Miller* because this sentence provided defendant with a meaningful opportunity for release.[8] *Miller*, 567 US at 465, 479; *Montgomery*, ___ US at ___; 136 S Ct at 736; *Williams*, ___ Mich App at ___; slip op at 4. Therefore, defendant did not show that the trial court made a legal or procedural error in his *Miller* resentencing by not also resentencing him on his AWIM sentence of life with the possibility of parole, and the trial court did not err by determining that defendant's sentence was not invalid on this basis.[9]

Next, defendant did not demonstrate any legal or procedural error with his *Miller* resentencing based on his claim that defense counsel was ineffective by failing to object to the trial court's "denial" of good time credits.

"To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient in that it fell below an objective standard of professional reasonableness, and that it is reasonably probable that, but for counsel's ineffective assistance, the result of the proceeding would have been different." *Jordan*, 275 Mich App at 667. "[I]t is the defendant's burden to prove that counsel did not provide effective assistance." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

In this case, the trial court did not *deny* defendant from receiving good time credits, and the trial court did not mention good time credits at all in resentencing defendant. Good time

---

[8] We note that defendant was paroled on May 29, 2019. See Offender Tracking Information System, <http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=185506> (accessed June 3, 2019).

[9] To the extent defendant seems to imply in his Standard 4 brief that he believes that a life-with-parole sentence imposed on a juvenile offender may violate the Michigan Constitution, he only argues about how such a sentence *should* be treated under Michigan law but does claim that any binding authority exists for the proposition that such a sentence is actually prohibited in Michigan such that it would be legally erroneous to impose that sentence. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Green*, 313 Mich App 526, 535; 884 NW2d 838 (2015) (quotation marks and citation omitted). Consequently, he has not shown a tangible legal error that would allow this Court to conclude that his *Miller* resentencing was legally invalid such that the trial court had any authority to revisit or modify his AWIM sentence. He also ignores the opportunity for release that actually exists for a life-with-the-possibility-of-parole sentence. It is further worth noting, as is evident from the analytical framework employed in this opinion, that our review at this juncture concerns whether defendant's *Miller* resentencing itself was invalid; this case is long past the stage of direct review of defendant's convictions and original sentences.

credits "are applied to a prisoner's minimum and/or maximum sentence in order to determine his or her parole eligibility dates." *People v Wiley*, 324 Mich App 130, 156; 919 NW2d 802 (2018) (quotation marks and citation omitted). A prisoner's eligibility for earning good time credits applicable to his or her sentence is defined by statute and generally depends on when the prisoner's crime was committed and the nature of that crime. See generally MCL 791.233b; MCL 800.33; *Lowe v Dep't of Corrections*, 206 Mich App 128, 130-136, 138; 521 NW2d 336 (1994).

However, defendant has not provided any indication regarding how much good time credit he believes he earned and has therefore failed to establish the factual predicate for his claim. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015) ("Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim.") (quotation marks and citation omitted).

Moreover, it nonetheless appears that defendant was actually not entitled to earn good time credits at all because he was convicted of first-degree murder, AWIM, kidnapping, and felony-firearm, (which are crimes listed in MCL 791.233b)[10] and he committed these crimes after January 1, 1983. MCL 800.33(5); MCL 791.233b(d), (n), (q); MCL 750.227b(4); *Lowe*, 206 Mich App at 131-134, 138 (holding that an MDOC policy directive provided a "constitutional interpretation of MCL 800.33(5)" where the policy directive stated in pertinent part that prisoners serving sentences for crimes listed in MCL 791.233b and committed after January 1, 1983, only earned "disciplinary credit" on their minimum and maximum sentences, rather than good time credit as had previously been statutorily authorized for offenses committed earlier; the Court also discussed the distinction between good time credits and disciplinary credits); Michigan Department of Corrections, *Good Time Credits*, PD 03.01.100(H), Attachment A (July 10, 2017) (stating, similarly to the earlier MDOC policy directive quoted in *Lowe*, that prisoners "sentenced for an offense committed before April 1, 1987" are not eligible to earn good time credits if the offense was one of the specifically enumerated offenses (which included felony-firearm, first-degree murder, AWIM, and kidnapping) and "was committed on or after January 1, 1983"). "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Defendant has not established that he received ineffective assistance of counsel on this ground; he has failed to demonstrate that defense counsel rendered deficient performance by not raising the issue of good time credits at resentencing, and he has also failed to establish that he was prejudiced by defense counsel's performance. *Jordan*, 275 Mich App at 667.

Next, defendant argues that defense counsel was ineffective for not objecting to the updated PSIR that was prepared for his *Miller* resentencing on the ground that the updated PSIR did not contain a guidelines score for his AWIM conviction. Defendant also suggests in his

---

[10] These crimes were listed in MCL 791.233b(d), (n), and (q) in the version of the statute as it existed when defendant was convicted. See 791.233b, as amended by 1982 PA 458.

Standard 4 brief that a guidelines score should have been calculated for his kidnapping conviction. As previously discussed, defendant was only resentenced on his first-degree murder conviction, which was a fact that the trial court specifically noted on the record at the resentencing hearing; defendant was not entitled to be resentenced on his AWIM conviction or any other conviction. Furthermore, defendant committed his crimes in 1986, and the legislative guidelines do not apply to crimes committed before January 1, 1999. MCL 769.34(1) and (2)[11]; *People v Reynolds*, 240 Mich App 250, 253-254; 611 NW2d 316 (2000); see also *Williams*, ___ Mich App at ___; slip op at 7 (rejecting the same argument now made by defendant under similar circumstances to those present in this case). Defense counsel was not ineffective for declining to advance this meritless argument. *Ericksen*, 288 Mich App at 201.

Next, defendant argues in his Standard 4 brief that he was denied due process by the trial court's sua sponte amendment of a valid judgment of sentence. As we already noted, the trial court entered a March 30, 2017 amended judgment of sentence resentencing defendant to a term of years for his first-degree murder conviction, and it entered an April 7, 2017 amended judgment of sentence that also included defendant's original sentences for assault with intent to commit murder, kidnapping, and felony-firearm. Defendant seems to believe that *Miller* and the March 30, 2017 resentencing proceeding operated to vacate *all* of his sentences. As discussed above, with the sole exception of his first-degree murder sentence, defendant's sentences were not affected by *Miller* or his resentencing hearing. The trial court clearly understood that this was the case, as it explicitly stated on the record that it was only resentencing defendant on his first-degree murder conviction. Clearly, the omission of defendant's other sentences on the March 30, 2017, was a clerical error, and the trial court had the authority to sua sponte correct this clerical mistake. MCR 6.435(A) ("Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative . . ."). Defendant further argues in his Standard 4 brief that defense counsel was ineffective for failing to object to the April 7, 2017 amended judgment of sentence. However, since such an objection would have been meritless, defense counsel was not ineffective for declining to raise it. *Ericksen*, 288 Mich App at 201.

Next, defendant argues in his Standard 4 brief that his AWIM life sentence is a determinate sentence that violates the provision of the Michigan Constitution authorizing indeterminate sentences. See Const 1963, art 4, § 45 ("The legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences."). We again emphasize that this is an appeal from defendant's *Miller* resentencing, pursuant to which defendant had no entitlement to be

---

[11] MCL 769.34(2) has been held by our Supreme Court to be unconstitutional "to the extent that it makes the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory." *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015). The *Lockridge* Court remedied this constitutional violation by making a guidelines minimum sentence range calculated based on judicial fact-finding advisory. *Id*. at 365. However, *Lockridge* did not have any effect on this statutory provision to the extent that it sets forth the date of applicability for the legislative guidelines.

resentenced on any of his convictions other than his first-degree murder conviction. As such, the question is whether his resentencing sentence was somehow rendered invalid when the trial court did not also resentence defendant on his AWIM conviction. We have concluded that defendant's resentencing sentence was not invalid on this ground. This appeal does not provide a vehicle for defendant launch a collateral attack on his AWIM sentence that was imposed more than 30 years ago. Thus, this particular argument advanced by defendant necessarily must be rejected.

Moreover, defendant's argument is without merit nonetheless. Defendant's life sentence was specifically authorized by the AWIM statute. MCL 750.83 ("Any person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony, punishable by imprisonment in the state prison for life or any number of years."). In *People v Cooper*, 236 Mich App 643, 661-664; 601 NW2d 409 (1999), this Court held that determinate sentences are not barred by the Michigan Constitution. The *Cooper* Court reasoned that although the constitutional provision in Const 1963, art 4, § 45 "plainly authorizes indeterminate sentencing, it includes no *prohibition* against a statute *requiring* determinate sentencing as a punishment for crime." *Id*. at 661. The Court further explained that because the Legislature was previously recognized as having the power to provide for determinate sentences, the inclusion of Const 1963, art 4, § 45 in the Michigan Constitution "reflects an *expansion* of legislative power to include the power to provide for indeterminate sentences for crimes, not a *removal* of the previously existing power to provide for determinate sentences." *Id*. at 662. Pursuant to *Cooper*, defendant's life sentence did not violate the Michigan Constitution.

Finally, defendant also argues in his Standard 4 brief that defense counsel was ineffective for failing to object to his AWIM life sentence under *Miller* and on the ground that it was a determinate sentence that violated the Michigan Constitution. As discussed above, neither of these arguments would have been successful. Defense counsel therefore was not ineffective for refraining from raising them. *Ericksen*, 288 Mich App at 201.

IV. CONCLUSION

Because defendant failed to show that his *Miller* resentencing was invalid in any respect, the trial court did not err by denying his motion for further resentencing. *Wybrecht*, 222 Mich App at 167. We therefore affirm the trial court's decisions related to defendant's *Miller* resentencing and the trial court's denial of defendant's motion for additional resentencing.

Affirmed.

/s/ Thomas C. Cameron
/s/ Jane E. Markey
/s/ Stephen L. Borrello