RYAN v DEPARTMENT OF CORRECTIONS

Docket No. 230909. Submitted July 17, 2002, at Grand Rapids. Decided October 7, 2003, at 9:05 A.M. Leave to appeal sought.

James E. Ryan brought an action in the Manistee Circuit Court against the Department of Corrections, seeking a writ of habeas corpus. The plaintiff had been sentenced to 3½ to 10 years of imprisonment for solicitation to commit murder. He was paroled after five years. While on parole, the plaintiff committed first-degree retail fraud. His parole was revoked and he was sentenced to one to three years of imprisonment for the retail fraud conviction, to be served consecutively to the sentence for the solicitation conviction. The plaintiff was again paroled after two years. Parole was subsequently revoked and the plaintiff was returned to prison to serve the remainder of his sentence. After the plaintiff was returned to prison, he received misconduct tickets that resulted in the forfeiture of 690 days of disciplinary credit, which included days that were earned while he was serving his solicitation sentence. More than a year before the misconduct, the plaintiff "completed" the maximum term of his solicitation sentence, considering time served and disciplinary credits accumulated. At that point he began serving time toward the maximum term of the sentence for retail fraud. The court, James M. Batzer, J., partially granted a writ of habeas corpus and ordered the defendant to recalculate the plaintiff's disciplinary credits. The court determined that because disciplinary credits were computed and accumulated separately for each sentence in a series of consecutive sentences, any forfeiture of credits was limited to the credits accumulated on the sentence being served at the time of forfeiture. The court denied a subsequent motion by the defendant for rehearing and reconsideration. The defendant appealed.

The Court of Appeals *held*:

1. MCL 800.33(11) sets forth the manner of computing disciplinary credits where there are multiple sentences and states that when a prisoner is serving consecutive sentences the disciplinary credits shall be computed and accumulated on each sentence individually and all disciplinary credits that have been earned on any of the sentences shall be subject to forfeiture pursuant to MCL

800.33(5) and (8). The forfeiture provision of MCL 800.33(11) provides that if a prisoner is serving consecutive sentences, all good time or disciplinary credits that have been earned on any of the sentences shall be subject to forfeiture. In light of the broad language employed by the Legislature, it is reasonable to assume that had the Legislature intended to carve out an exception for sentences that have been "completed" through the application of time served and credits, it would have clearly so indicated.

2. The plaintiff's double jeopardy claim is rejected. That the plaintiff was permitted to begin serving the maximum term of his second sentence before the completion of the maximum term of the first sentence through the application of credits, and was later required to serve the entire term when the credits were forfeited, did not result in double punishment or in his being placed twice in jeopardy for the same offense.

Reversed.

State Appellate Defender (by *Anne Yantus*) for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Jason Julian*, Assistant Attorney General, for the defendant.

Before: NEFF, P.J., and WHITE and OWENS, JJ.

PER CURIAM. Defendant Department of Corrections (DOC) appeals as of right from the circuit court's grant of a writ of habeas corpus to plaintiff. The question is whether defendant has statutory authority to forfeit disciplinary credits earned on a sentence that has been "completed" by serving the maximum term less disciplinary credits on the basis of misconduct occurring while serving a sentence that was ordered to be served consecutively to the earlier sentence.[1] We conclude that defendant has such authority and reverse.

___

[1] The circuit court held:

Once the first maximum sentence has been served less any unforfeited good time or disciplinary credits it is then too late to

I

Plaintiff was sentenced to 3½ to 10 years' imprisonment on January 13, 1989, for solicitation to commit murder, MCL 750.157b, with credit for 254 days served, and was paroled in January 1994. While on parole, plaintiff committed first-degree retail fraud, MCL 750.356c. His parole was revoked and on October 11, 1995, he was sentenced to one to three years' imprisonment to be served consecutively to his solicitation sentence. Plaintiff was again paroled in August 1997. Parole was subsequently revoked in February 1998, and plaintiff was returned to prison to serve the remainder of his sentence.

After plaintiff was returned to prison in 1998, he received misconduct tickets that resulted in the forfeiture of 690 days of disciplinary credit, which included days that were earned while he was serving his solicitation sentence. The DOC admitted that plaintiff's solicitation sentence "would have been expired or terminated on about [sic] November 29, 1996 if only the actions applied prior to that date had been applied to the calculation of that sentence." In other words, on November 29, 1996, more than a year before the misconduct, plaintiff "completed" the maximum term of his solicitation sentence, in light of his time served and credits accumulated. At that point, he began serving time toward the maximum term of his retail fraud sentence. According to the DOC, plaintiff's anticipated release date after the forfeiture was December 27, 2000, whereas his release date would

withdraw any disciplinary credits from the first served maximum term.

have been November 29, 1999, had the credits earned during his solicitation sentence not been forfeited because of the misconduct.

On July 14, 1999, plaintiff filed a complaint for habeas corpus, claiming he was being held beyond the legal limit of his combined, consecutive sentences. The DOC moved for summary disposition pursuant to MCR 2.116(C)(8) and requested that the circuit court forgo oral argument pursuant to MCR 2.119(E)(3). The court complied with the DOC's request, and on June 7, 2000, it issued an opinion and order conditionally granting a writ of habeas corpus. The court reasoned that because disciplinary credits were "computed and accumulated separately for each individual sentence in a series of consecutive sentences," any forfeiture of credits was limited to the credits accumulated on the sentence being served at the time of forfeiture. Therefore, "to the extent plaintiff was subject to improper forfeiture . . . , the writ of habeas corpus will be granted. To the extent that he was not subjected to any improper forfeiture . . . , the writ will be denied." The court ordered the DOC to recalculate plaintiff's disciplinary credits in light of its decision, and the DOC did so.

Before the calculations were presented to the court, the DOC moved for rehearing and reconsideration. The court ordered that plaintiff be represented by the State Appellate Defender Office in connection with the DOC's motion and any subsequent appeals. It also ordered oral argument on the DOC's motion. The DOC's motion was denied in a written opinion and order. The court reasoned that the applicable statutes, when viewed together, were highly ambiguous and, further, that the court's prior decision was supported

by the rule of lenity, the prohibition against double jeopardy, and the statutory and case law focus on the individual nature of consecutive sentences. This appeal followed.

II

The question is one of statutory interpretation. The function of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mutual Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining intent is the specific language the Legislature used in the statute. *In re MCI Telecom Complaint,* 460 Mich 396, 411; 596 NW2d 164 (1999). If the language has a meaning that is plain, the Legislature is presumed to have intended that meaning, and no interpretation is permitted. *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999).

Statutes that relate to the same subject or share a common purpose are in pari materia and should be read together, even if they do not refer to each other and even if they were enacted at different times. *State Treasurer v Schuster,* 456 Mich 408, 417; 572 NW2d 628 (1998). Proper application of the in pari materia rule gives the fullest possible effect to the legislative purpose underlying harmonious statutes without overreaching, unreasonableness, or absurdity. *Jennings v Southwood,* 446 Mich 125, 136-137; 521 NW2d 230 (1994); *Travelers Ins v U-Haul of Michigan, Inc,* 235 Mich App 273, 280; 597 NW2d 235 (1999); *Michigan Humane Society v Natural Resources Comm,* 158 Mich App 393, 401; 404 NW2d 757 (1987). If multiple statutes can be construed in a way that avoids conflict, that construction should control. *House*

*Speaker v State Administrative Bd*, 441 Mich 547, 568-569; 495 NW2d 539 (1993); *Travelers Ins, supra* at 280.

Several statutes are pertinent. MCL 768.7a(2) provides:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

MCL 791.234(3) provides:

> If a prisoner . . . is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

MCL 800.33(3) provides:

> Except as provided in section 34, all prisoners serving a sentence for a crime that was committed on or after April 1, 1987 are eligible to earn disciplinary and special disciplinary credits as provided in subsection (5). Disciplinary credits shall be earned, forfeited, and restored as provided in this section. Accumulated disciplinary credits shall be deducted from a prisoner's minimum and maximum sentence in order to determine his or her parole eligibility date and discharge date.

MCL 800.33(5) provides in pertinent part:

> A prisoner shall not earn disciplinary credits under this subsection during any month in which the prisoner is found guilty of having committed a major misconduct. The amount of disciplinary credits not earned as a result of being found guilty of a major misconduct shall be limited to the disciplinary credits that would have been earned for the month in which the major misconduct occurred. Any disciplinary credits not earned as a result of the prisoner being found guilty of a major misconduct shall never be earned or restored. The warden may order that a prisoner found guilty of a major misconduct, including but not limited to charges of rioting, inciting to riot, escape, homicide, or assault and battery, forfeit all or a portion of the disciplinary credits accumulated prior to the month in which the misconduct occurred. An order forfeiting accumulated disciplinary credits shall be based upon a review of the prisoner's institutional record.

MCL 800.33(11) provides:

> A prisoner who has been sentenced concurrently for separate convictions shall have his or her good time or disciplinary credits computed on the basis of the longest of the concurrent sentences. If a prisoner is serving consecutive sentences for separate convictions, his or her good time or disciplinary credits shall be computed and accumulated on each sentence individually and all good time or disciplinary credits that have been earned on any of the sentences shall be subject to forfeiture pursuant to subsections (5) and (8).

III

The statutes involved do not speak directly to the specific question, i.e., no statute directly states that credits earned on a sentence the maximum term of which has already been completed through the appli-

cation of credits and time served can be forfeited or cannot be forfeited.

MCL 791.234(3), found in the chapter entitled "Bureau of Pardons and Paroles; Parole Board," states that when a prisoner is sentenced for consecutive terms, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimums, less good time and disciplinary credits allowed. Further, a new maximum term shall be computed under the subsection by adding the maximums together, and discharge shall take place only after the total of the maximums has been served, less good time and disciplinary credits, unless the prisoner is paroled and discharged upon successful completion of the parole.

Plaintiff asserts that MCL 791.234(3) is only relevant to parole and discharge considerations and that other provisions demonstrate that individual consecutive sentences retain their individual character. However, plaintiff is seeking discharge, and thus the provision is relevant to the circumstances at issue. Under MCL 791.234(3), a prisoner may be discharged only when the prisoner has served the aggregate maximum, less credits—in plaintiff's case, thirteen years, less credits. Nonetheless, MCL 791.234(3) can be effectuated under either construction. Plaintiff will be required to serve thirteen years less disciplinary credits under either construction; the question is whether the disciplinary credits that were earned on the first sentence as of the time the sentence was completed through the application of credits and time served will be applied or not.

Under MCL 800.33(3), disciplinary credits are to be deducted from a prisoner's minimum and maximum

sentences in order to determine parole eligibility dates and discharge dates. MCL 800.33(5) provides for the forfeiture of disciplinary credits for a prisoner found guilty of a major misconduct and states that the warden may order the forfeiture of disciplinary credits accumulated before the month in which the misconduct occurred. MCL 800.33(11) sets forth the manner of computing disciplinary credits where there are multiple sentences and states that when a prisoner is serving consecutive sentences the disciplinary credits shall be computed and accumulated on each sentence individually and all disciplinary credits that have been earned on any of the sentences shall be subject to forfeiture pursuant to subsections 5 and 8.

Subsection 11 clearly states that when sentences are being served consecutively, credits shall be computed and accumulated separately. Thus, if a prisoner is serving a sentence for which the prisoner is eligible for good time credits, which are earned in increasing quantities in the later years of the sentence, when the prisoner begins serving a subsequent sentence, the prisoner will earn credits at the lower rate in the first years of the second sentence, although the prisoner is simultaneously earning the credits at a greater rate toward the maximum term of the first sentence. Further, if a prisoner commits a crime for which the prisoner is entitled to good time credits and then commits a crime for which the prisoner is entitled to disciplinary credits, which are less generous, the prisoner will earn only disciplinary credits on the second sentence. Also, if a prisoner is serving consecutive terms, at any given time the prisoner may simultaneously be earning credits on the maximum of one sentence and the minimum of a different sentence.

The forfeiture provision in subsection 11 provides that if a prisoner is serving consecutive sentences, all credits earned on any of the sentences are subject to forfeiture. If the prisoner commits misconduct while serving multiple sentences, all the credits are subject to forfeiture. It is not explicitly stated whether this provision is applicable where the prisoner has already "completed" the first sentence by serving the maximum less accumulated credits, i.e., where the prisoner is earning credit on the minimum and maximum of the second sentence when the misconduct occurs. However, the statute says "*all* good time or disciplinary credits that have been earned on *any* of the sentences shall be subject to forfeiture." (Emphasis added.) Having employed such broad language, it is reasonable to assume that had the Legislature intended to carve out an exception for sentences that have been "completed" through the application of time served and credits, it would have clearly so indicated.

Plaintiff's argument is dependent on the notion that his first sentence was somehow completed at the moment he served the maximum term less credits. He argues that this must have been the case because he began serving his second sentence, and MCL 768.7a(2) provides that his second sentence begins to run at the *expiration* of the remaining portion of the term imposed for the previous offense. However, the statutes nowhere state that a sentence expires, terminates, or is completed when the total of the time served and the credits earned equals the maximum term. Rather, credits are explicitly tied to a prisoner's parole eligibility date and discharge date. MCL 791.234(3); MCL 800.33(3). Thus, credits do not deter-

mine when a sentence expires or is completed, but only when a prisoner is subject to parole or discharge.

Further, plaintiff's argument that his first sentence must have expired before the forfeiture because he had already begun serving the maximum of his second sentence, and MCL 768.7a(2) provides that a sentence for a felony committed while on parole begins to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense, must be rejected because it is inconsistent with plaintiff's concession that credits earned on a sentence the minimum term of which has been served but the maximum term of which has not been served may be forfeited. A prisoner begins serving the minimum term of a subsequent sentence when the minimum term of the prior sentence, less credits, is served. Following plaintiff's argument, at that point, under MCL 768.7a(2), the minimum term of the first sentence has expired and credits earned with respect to that term should not be subject to forfeiture, because the prisoner is no longer serving that minimum term and has already begun serving the next minimum term. Yet, plaintiff concedes that the credits would be subject to forfeiture.

In short, the statutory scheme sets forth no mechanism for, or manner of, recognizing that a consecutive sentence is somehow completed or expires at the moment the time served and credits equal the maximum sentence. Absent some provision that ties the credits to the sentence, rather than the prisoner's discharge, see *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 304; 636 NW2d 272 (2001) ("prisoners are 'discharged,' and sentences are 'terminated' "), we

must reject the predicate of plaintiff's argument—that the first sentence was "completed" or expired through the application of credits and time served before the misconduct, and the credits were therefore immune from forfeiture.

We also reject plaintiff's claim that defendant's construction of the statutes violates his right to be free from double jeopardy for the same offense. Plaintiff cannot be required to serve any more than the maximum sentence imposed when he was sentenced. The statutes make clear that credits are a matter of grace and are subject to forfeiture. That plaintiff was permitted to begin serving the maximum term of his second sentence before the completion of the maximum term of the first sentence through the application of credits, and was later required to serve the entire term when the credits were forfeited, did not result in double punishment or in his being placed twice in jeopardy for the same offense.

Reversed.