# Court of Appeals, State of Michigan

## ORDER

James Threet v Department of Corrections

Docket No.    356587

LC No.          20-000411-AW

Michelle M. Rick
Presiding Judge

Colleen A. O'Brien

Thomas C. Cameron
Judges

The motion for reconsideration is GRANTED, and this Court's opinion issued December 16, 2021 is hereby VACATED.  A new opinion is attached to this order.

/s/ Michelle M. Rick
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

February 17, 2022
Date

Chief Clerk

# STATE OF MICHIGAN

# COURT OF APPEALS

---

JAMES THREET,

          Petitioner-Appellee,

v

DEPARTMENT OF CORRECTIONS and
CYNTHIA PARTRIDGE,

          Respondents-Appellants.

FOR PUBLICATION
February 17, 2022
9:05 a.m.

No. 356587
Ingham Circuit Court
LC No. 20-000411-AW

---

ON RECONSIDERATION

Before: RICK, P.J., and O'BRIEN and CAMERON, JJ.

CAMERON, J.

Respondents the Department of Corrections (DOC) and Cynthia Partridge, the DOC's Time Computation Unit manager, appeal the trial court's orders that compel respondents to apply special good time credits to petitioner James Threet's prison sentence. Specifically, the trial court granted petitioner a writ of mandamus and ordered respondents to apply 7,000 days of special good time credits to petitioner's assault with the intent to murder (AWIM) sentence, MCL 750.83. For the following reasons, we affirm.

## I. BACKGROUND

In 1980, petitioner was convicted of AWIM; kidnapping, MCL 750.349; and felony-firearm, MCL 750.227b. Petitioner was sentenced to 66 years and eight months to 100 years' imprisonment for the AWIM conviction and this sentence was ordered to be served concurrent to a parolable life sentence for the kidnapping conviction. These concurrent sentences were to be served after petitioner served two years' imprisonment for the felony-firearm conviction.

Based on the offense date, the DOC considered petitioner's eligibility to earn special good time credits, which would be applied to reduce petitioner's maximum sentence. In 2016, the DOC granted petitioner 7,000 days of special good time credits. However, respondents later concluded that the credits awarded could not be used to reduce the maximum sentences for petitioner's

AWIM or kidnapping sentences. Consequently, respondents refused to apply the good time credits that the DOC had previously awarded to petitioner.

In 2020, petitioner filed a petition for a writ of mandamus to compel the application of special good time credits to petitioner's AWIM sentence. Petitioner argued that if the special good time credits were applied to the maximum term of his AWIM sentence, the AWIM sentence would be "closed out," and he would automatically be eligible for parole on the kidnapping sentence. Petitioner noted that if the credits were not applied to the AWIM sentence, he would not be eligible for parole until 2036. Respondents replied that the DOC had erroneously awarded special good time credits, but even so the credits could not be used to shorten petitioner's AWIM sentence. Respondents first explained that petitioner is not eligible to earn credits on his kidnapping sentence because credit cannot be earned on parolable life sentences.[1] Respondents also asserted that credits could not be used to shorten petitioner's AWIM maximum sentence because in concurrent sentencing situations like this, the DOC is permitted to apply good time credit only to the one sentence that carries the longest possible incarceration term, described by respondents as the "controlling maximum sentence." Respondents argued that, because petitioner's controlling maximum sentence is the kidnapping conviction for which credits cannot be earned or applied, special good time credits could not be lawfully applied to petitioner's AWIM sentence.

After hearing oral argument, the trial court ordered the DOC to apply 7,000 days of special good time credits to petitioner's AWIM minimum sentence. Respondents sought reconsideration, arguing in relevant part that credits could not be applied to petitioner's minimum sentences for kidnapping and AWIM because they are both Proposal B crimes.[2] Respondents also argued that the trial court erred because MCL 800.33(11) prohibits the credits from being applied to the AWIM sentence because the kidnapping sentence is "the longest sentence[.]" Petitioner agreed that the credits could be applied only to the maximum AWIM sentence, but argued that the trial court had ruled correctly in all other respects. The trial court corrected its previous order to reflect that the 7,000 days would be applied to reduce petitioner's maximum AWIM sentence, and this appeal followed.[3]

---

[1] Petitioner's parole eligibility for his kidnapping conviction is governed by MCL 791.234(7)(a), which requires that petitioner serve not less than 10 calendar years before the prisoner is eligible for parole.

[2] Proposal B, codified at MCL 791.233b, abolished the "good time" credit system. "Thus, after December 12, 1978, Proposal B offenders were no longer eligible to receive good-time or special good-time credit on their minimum terms; but, they continued to be eligible to receive good-time and special good-time credit on their maximum terms." *Lowe v Dep't of Corrections*, 206 Mich App 128, 131; 521 NW2d 336 (1994). It is undisputed that the AWIM and kidnapping offenses for which petitioner was sentenced in 1980 are Proposal B offenses.

[3] This Court stayed "further proceedings . . . pending resolution of this appeal or further order of this Court." *Threet v Dep't of Corrections*, unpublished order of the Court of Appeals, entered April 16, 2021 (Docket No. 356587).

## II. STANDARDS OF REVIEW

"A lower court's decision on whether to grant a writ of mandamus is reviewed for an abuse of discretion." *Citizens Protecting Michigan's Constitution v Secretary of State*, 503 Mich 42, 59; 921 NW2d 247 (2018). However, "any underlying issue of statutory interpretation is a question of law, which is reviewed de novo on appeal[.]" *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 113; 715 NW2d 398 (2006). "Whether a defendant has a clear legal duty to perform an act and whether a plaintiff has a clear legal right to performance are legal questions that we also consider de novo." *Barrow v Detroit Election Comm*, 305 Mich App 649, 662; 854 NW2d 489 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014) (quotation marks and citation omitted). "An error of law necessarily constitutes an abuse of discretion." *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016).[4]

## III. GENERAL PRINCIPLES OF LAW

"Mandamus is an extraordinary remedy and the primary purpose of a writ of mandamus is to enforce duties required by law." *Stand Up for Democracy v Secretary of State*, 492 Mich 588, 618; 822 NW2d 159 (2012). In *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636 NW2d 272 (2001), this Court set forth the principles governing the granting of mandamus in the context of criminal sentences:

> The issuance of a writ of mandamus is proper where (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial and involves no exercise of discretion or judgment, and (4) no other remedy exists, legal or equitable, that might achieve the same result.

The principles of statutory construction also guide the disposition of this case. The relevant principles of statutory construction are:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or

---

[4] To the extent that petitioner argues that respondents' arguments on appeal are not preserved and therefore not properly before this Court, we conclude that it would nonetheless be proper to consider respondents' arguments. See *In re Conservatorship of Murray*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 349068); slip op at 3 (acknowledging that "this Court may overlook preservation requirements if . . . the issue involves a question of law and the facts necessary for its resolution have been presented").

rendered nugatory. [*Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 418-419; 925 NW2d 897 (2018) (quotation marks and citation omitted).]

## IV. ANALYSIS

Respondents argue on appeal that the trial court erred by concluding that they had a clear legal duty to apply the special good time credits to the maximum AWIM sentence because doing so violates MCL 800.33(11). We disagree.

"Sentence reduction for good-time and special good-time credit is set forth in MCL 800.33,"[5] *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections*, 199 Mich App 681, 686; 503 NW2d 465 (1993), which currently provides in relevant part:

> (11) A prisoner who has been sentenced concurrently for separate convictions shall have his or her good time . . . computed on the basis of the longest of the concurrent sentences. If a prisoner is serving consecutive sentences for separate convictions, his or her good time . . . shall be computed and accumulated on each sentence individually and all good time . . . credits that have been earned on any of the sentences shall be subject to forfeiture pursuant to subsections (5) and (8).

> (12) The warden of an institution may grant special good time allowances to eligible prisoners who are convicted of a crime that is committed before April 1, 1987. Special good time credit shall not exceed 50% of the good time allowances under the schedule in subsection (2). Special good time shall be awarded for good conduct only and shall not be awarded for any month in which a prisoner has been found guilty of a major misconduct.

Thus, under MCL 800.33(11), the DOC is required to compute good time credits "on the basis of the longest of the concurrent sentences" if the prisoner "has been sentenced concurrently[.]" See *Wolfenbarger v Wright*, 336 Mich App 1, 12; ___ NW2d ___ (2021); slip op at 15 ("The use of the word 'shall' denotes mandatory action."). A "prisoner [who] is serving consecutive sentences for separate convictions" is entitled to good time credits and those credits must "be computed and accumulated on each sentence individually[.]" MCL 800.33(11). See also *Ryan v Dep't of Corrections*, 259 Mich App 26, 34; 672 NW2d 535 (2003) ("Subsection 11 clearly states that when sentences are being served consecutively, credits shall be computed and accumulated separately.").

The statute does not define "computed" or "accumulated." Therefore, it is proper to consult dictionary definitions. *West St Joseph Prop, LLC v Delta Twp*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 354205); slip op at 6, lv pending. "Compute" is defined as "to

---

[5] The version of MCL 800.33(2) that was in effect when petitioner was sentenced in 1980 is substantially similar to the current version. See 1978 PA 80. The current language of subsection (11) was not in effect when petitioner was sentenced. See 1978 PA 80. However, the parties impliedly concede that subsection (11) applies here.

determine . . . by mathematical means," and "accumulate" is defined as "to increase gradually in quantity or number[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed).

Respondents argue that MCL 800.33(11) does not permit the DOC to apply special good time credits to petitioner's AWIM sentence because these credits can only be applied to a prisoner's longest concurrent sentence. Thus, respondents argue that good time credits only apply to one concurrent sentence. However, the plain language of MCL 800.33(11) does not prohibit the DOC from applying good time credits to other concurrent sentences. Simply put, MCL 800.33(2) establishes that good time credits that are earned and awarded as permitted by law entitle prisoners to receive a sentence reduction. MCL 800.33(2) and (11) explain how these earned credits are computed and accumulated. In situations like this where concurrent sentences are involved, credits must be "computed *on the basis of* the longest of the concurrent sentences." MCL 800.33(11) (emphasis added). Nowhere in the plain language of MCL 800.33 did our Legislature direct that these credits can only be *applied* to the longest concurrent sentence. Indeed, respondents' construction of the statute conflates the term "computed" with "applied," a term that does not appear in the statute. We therefore reach the unremarkable conclusion that the good time credits earned on the longest concurrent sentence must be applied to the other concurrent sentence or sentences, so long as it is permitted by law.

Our conclusion is entirely consistent with the proper operation of concurrent sentencing. "The term consecutive or cumulative sentences mean those following in a train, succeeding one another in a regular order, with an uninterrupted course or succession, and having no interval or break. By contrast, the term concurrent sentences refers to sentences operating simultaneously." *People v Chambers*, 430 Mich 217, 220 n 2; 421 NW2d 903 (1988). Thus, because concurrent sentences are to be served simultaneously and because it would make little sense to calculate credits on the basis of each concurrent sentence, it reasonably follows that the good time credits that are computed on the longest of the concurrent sentences should be applied to the other concurrent sentence or sentences.

In this case, petitioner was sentenced to 66 years and eight months to 100 years' imprisonment for the AWIM conviction, to life imprisonment for the kidnapping conviction, and to two years' imprisonment for the felony-firearm conviction. The felony-firearm sentence was to be served before the other two sentences, which were concurrent. See MCL 750.227b(3). Therefore, after petitioner served his felony-firearm sentence, petitioner began serving his sentences for AWIM and kidnapping. Because those sentences were concurrent and because petitioner was no longer serving a consecutive sentence, respondents had a clear legal duty under MCL 800.33(11) to calculate credits on the basis of the kidnapping sentence and to apply the credits to the AWIM sentence for the reasons already discussed. Concluding otherwise would require us to read words into the plain language of the statute. We are not permitted to do so. See *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 411; 809 NW2d 669 (2011).

In sum, we conclude that the trial court did not err by concluding that respondents had a clear legal duty to apply the credits to the AWIM sentence.[6] See *Hayes v Parole Bd*, 312 Mich App 774, 782; 886 NW2d 725 (2015) ("A clear legal duty, like a clear legal right, is one that is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided.") (Quotation marks and citation omitted.) Additionally, we conclude that that the act of applying the special good time credits was ministerial in nature. See *Berry v Garrett*, 316 Mich App 37, 42; 890 NW2d 882 (2016) (an act is ministerial where "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment"). Consequently, the trial court did not abuse its discretion by issuing the writ of mandamus.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michelle M. Rick
/s/ Colleen A. O'Brien

---

[6] Respondents do not dispute that a writ of mandamus is necessary given that "no other remedy exists, legal or equitable, that might achieve the same result," i.e., application of the 7,000 days of special good time credits to the maximum AWIM sentence.