*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CRAIG IVAN HILL,

       Defendant-Appellant.

UNPUBLISHED
October 13, 2022

No. 360031
Chippewa Circuit Court
LC No. 18-003692-FH

Before: MARKEY, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted his conviction and sentence, following a guilty plea, of prisoner in possession of a weapon, MCL 800.283(4). The trial court sentenced defendant, as a second habitual offender, MCL 769.10, to serve two years to seven years and six months in prison. We affirm.

## I. FACTS

Defendant was serving concurrent prison terms of 15 to 50 years that resulted from a 2005 guilty plea to three counts of armed robbery, MCL 750.529. In 2018, defendant committed the offense to which he pleaded guilty in this case, which was possessing a self-fashioned knife in prison. According to defendant's presentence investigation report, defendant engaged another inmate in physical conflict involving the homemade weapon until three corrections officers intervened. In exchange for his guilty plea, related assault charges were dropped and habitual-offender sentencing enhancement was reduced. On appeal, defendant argues that the felony complaint was not properly endorsed, that he was improperly refused credit for time previously served, and that Offense Variable 9 (OV 9) was improperly assessed. We disagree.

## II. MOTION TO DISMISS

Defendant moved the trial court to dismiss this case on the ground that his felony complaint was not endorsed, as required by MCL 764.1c.

This Court reviews a trial court's decision on a motion to dismiss for an abuse of discretion. *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010). A trial court abuses its discretion "when its decision falls outside the range of principled outcomes." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012).

A criminal complaint is "a written accusation that a named or described person has committed a specified criminal offense," and "must include the substance of the accusation against the accused and the name and statutory citation of the offense." MCR 6.101(A). The complaint in this case lists the charges against defendant, with "fourth offense notice," including the alleged facts supporting the charges. The complainant concludes as follows:

☐ The complaining witness asks that the defendant be apprehended and dealt with according to law.

Complaining Witness Signature

Warrant authorized on __11/02/2018__ by:

Prosecuting Official, Robert L. Stratton III, P66995

ROBERT L. STRATTON III
PROSECUTING ATTORNEY
P66995

☐ Secur

Subscribed and sworn to before me on __11/5/18__
Date

Roxanne Bosley
Judge/Magistrate/Clerk     Bar no.

MCL 764.1c states as follows:

(1) If the accused is in custody upon an arrest without a warrant, a magistrate, upon finding reasonable cause as provided in section 1a of this chapter, shall do either of the following:

(a) Issue a warrant as provided in section 1b of this chapter.

(b) Endorse upon the complaint a finding of reasonable cause and a direction to take the accused before a magistrate of the judicial district in which the offense is charged to have been committed.

(2) As endorsed pursuant to subsection (1)(b), the complaint shall constitute both a complaint and warrant.

Defendant argues that because he was in custody without a warrant, the magistrate was required to "[e]ndorse upon the complaint a finding of reasonable cause" under MCL 764.1c(1)(b). We acknowledge that there was no statement in the complaint that the magistrate found reasonable cause that defendant committed the crimes listed. However, the statute is inapplicable to defendant's circumstances. The trial court stated that, because defendant was in custody, there was no need for a probable-cause finding, and that the magistrate's signature was sufficient to endorse the complaint. MCL 764.1c(1) applies when "the accused is in custody upon an arrest without a warrant." Defendant was not in custody after an arrest without a warrant, but rather was in custody because he was serving his sentence from a previous conviction. The clear language of MCL 764.1c(1) precludes defendant's claim.

-2-

Defendant also argues that the magistrate did not find probable cause that defendant committed the crime, citing MCR 6.102(A). According to that rule, "A court must issue an arrest warrant, or a summons in accordance with MCR 6.103, if presented with a proper complaint and if the court finds probable cause to believe that the accused committed the alleged offense."

A proper complaint "must be signed and verified," MCR 6.101(B), and "may not be filed without a prosecutor's written approval endorsed on the complaint or attached to it," MCR 6.101(C). In this case, the complaint contains an authorization by the prosecutor dated November 2, 2018, and was signed by the complaining witness, Trooper Dan Begsma, and Magistrate Bosley signed after the statement that the complaint was subscribed and sworn before her on November 5, 2018. Therefore, the complaint was proper.

MCR 6.102(B) states that "[a] finding of probable cause may be based on hearsay evidence and rely on factual allegations in the complaint, affidavits from the complainant or others, the testimony of a sworn witness adequately preserved to permit review, or any combination of these sources." In this case, the complaint contained the complaining witness's factual allegations that properly constituted probable cause in accordance with MCR 6.102(B), along with the magistrate's signature. Defendant does not contend that the facts alleged in the complaint were inadequate. For these reasons, the trial court did not abuse its discretion by denying defendant's motion to dismiss.

## III. SENTENCE CREDIT

Defendant argues that he should have been credited with the number of days in prison that he served from the completion of the minimum sentence from his previous conviction, June 21, 2020, and the date that he was sentenced for the instant crime, April 13, 2021. The trial court did not credit defendant with any time served, and defendant's sentence was consecutive to the sentence for his previous conviction.

This Court reviews de novo the question whether a defendant is entitled to a jail credit for time served in jail before sentencing. *People v Waclawski*, 286 Mich App 634, 688; 780 NW2d 321 (2009). Constitutional issues are also reviewed de novo. See *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006).

The sentence credit statute, MCL 769.11b, provides as follows:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

The primary purpose of providing jail credit "is to equalize, as far as possible, the status of the indigent or lower-income accused with the status of the accused who can afford to post bail." *People v Givans*, 227 Mich App 113, 125; 575 NW2d 84 (1997), citing *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985).

The clear language of MCL 769.11b dictates that "individuals who are detained in jail for some reason other than the denial of or inability to furnish bond are not entitled to jail credit." *People v Allen*, 507 Mich 597, 605-606; 968 NW2d 532 (2021). "[A] defendant is entitled to jail credit only when the defendant is incarcerated before his or her conviction 'because of being denied or unable to furnish bond for [that] offense of which he is convicted' " *People v Clark (On Remand)*, 315 Mich App 219, 235; 888 NW2d 309 (2016), quoting *Prieskorn*, 424 Mich at 343-344. Any sentence credit granted under MCL 769.11b "for time served on a sentence for an offense on which the defendant was not incarcerated before sentencing" would be an improper "expansion of the purpose and intent of the statute." *People v Seiders*, 262 Mich App 702, 708; 686 NW2d 821 (2004). MCL 769.11b " 'neither requires nor permits sentence credit in cases . . . where a defendant is . . . incarcerated as a result of charges arising out of an unrelated offense or circumstance . . .' " *People v Bailey*, 330 Mich App 41, 65; 944 NW2d 370 (2019), quoting *Clark (On Remand)*, 315 Mich App at 234. In this case, sentence credit in connection with defendant's instant conviction was not permissible because he was incarcerated for an unrelated conviction at the time of his sentencing for the instant offense, and not because of being denied or unable to furnish bond for the instant offense. Applying MCL 769.11b to benefit defendant would frustrate the intent of the pertinent statute.

Defendant was sentenced consecutively in relation to the earlier offense for which he remained incarcerated by operation of MCL 768.7a(1), which provides as follows:

> A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction of that crime, be sentenced as provided by law. The term of imprisonment imposed for the crime shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

Because defendant received a sentence that was consecutive to a sentence that was still running at the time of the instant sentencing, he was "not entitled to credit for presentence time served that he was already obliged to serve under a prior sentence." *People v Conner*, 209 Mich App 419, 431-432; 531 NW2d 734 (1995).

Defendant protests that he had completed the minimum sentence for his previous conviction before he was sentenced for the instant offense, and that, because his minimum obligation had thus been satisfied, he should receive credit for time served thereafter. Under MCL 768.7a(1), however, defendant's second sentence began to run at "the expiration of the term or terms of imprisonment which the person is serving." The statute does not state that an earlier sentence necessarily expires, terminates, or is otherwise completed once its minimum has been served. If the Legislature intended that "convicted defendants be given sentence credit for all time served prior to sentencing day, regardless of the purpose for which the presentence confinement was served, it would not have conditioned and limited entitlement to credit to time served 'for the offense of which [the defendant] is convicted.' " *Prieskorn*, 424 Mich at 341 (alteration in original), quoting MCL 729.11b.

When a defendant is incarcerated for a conviction that is unrelated to the sentencing for a subsequent crime, the inmate is obligated to serve the new sentence without sentencing credit. *People v Raisbeck*, 312 Mich App 759, 767; 882 NW2d 161 (2015); *Givans*, 227 Mich App at 125-126. [B]ecause defendant was already obliged to serve under a prior sentence he is not entitled to credit for presentence time served. *Conner*, 209 Mich App at 431.[1]

Defendant argues that not crediting him with time served results in unconstitutional double punishment. This argument is inapt.

The Fifth Amendment of the United States Constitution protects a criminal defendant from being "subject for the same offence to be twice put in jeopardy . . . ." US Const, Am V.[2] Similarly, according to our state Constitution, "No person shall be subject for the same offense to be twice put in jeopardy." Const 1963, art 1, § 15.[3] The prohibition of double jeopardy "protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574-575; 677 NW2d 1 (2004).

In this case, the time served over which defendant makes issue was in accordance with his sentence for his earlier conviction, having completed the minimum but not yet been paroled; denying him credit against his new sentence did not thus require him to serve more than the sum of his two consecutive sentences. See *Ryan v Dep't of Corrections*, 259 Mich App 26, 35-37; 672 NW2d 535 (2003). There was no double jeopardy violation.

## IV. OFFENSE VARIABLE 9

Defendant unsuccessfully moved the trial court to correct an invalid sentence on the ground that an error in the scoring of the sentencing guidelines resulted in a faulty recommendation for his minimum sentence.

Decisions on motions for resentencing are reviewed for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). "A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). Defendant argues that the trial court erred in scoring OV 9 at 25 points, which MCL 777.39(1)(b) prescribes when "[t]here were 10 or more victims who were placed in danger

---

[1] This interpretation is consistent with the treatment of parolees who commit crimes while on parole and are reincarcerated to serve time for the convictions from which they were paroled, presumably sometime after serving the minimum sentences, rather than serving time credited to any new convictions resulting in reincarceration. See *People v Armisted*, 295 Mich App 32, 49-51; 811 NW2d 47 (2011).

[2] "No person shall be subject for the same offense to be twice put in jeopardy." Const 1963, art 1, § 15.

[3] Michigan's double jeopardy provision was intended to be "construed consistently with Michigan precedent and the Fifth Amendment." *People v Szalma*, 487 Mich 708, 715-716; 790 NW2d 662 (2010).

of physical injury or death," rather than at 10 points, which MCL 777.39(1)(c) prescribes when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death."

Crucially, however, the trial court confirmed with defendant that there was an agreement including a minimum sentence of 24 months at the plea hearing, and again at the sentencing hearing. In *People v Price*, 477 Mich 1, 3-4; 723 NW2d 201 (2006), the Supreme Court remanded for resentencing when the plea included that "the trial court agreed to sentence defendant within the appropriate statutory sentencing guidelines range," and the range the court considered was later determined to be inaccurate because of errors in the scoring of the sentencing variables. See also *People v Smith*, 319 Mich App 1, 5; 900 NW2d 108 (2017). However, of greater pertinence to this case, in *People v Wiley*, 472 Mich 153, 154-155; 693 NW2d 800 (2005), the Court affirmed the trial court's sentence exceeding the sentencing guidelines range because a "defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that *specific* sentence." (Emphasis added.) In *Smith*, 319 Mich App at 7-8, this Court indicated that the delineating factor in whether a defendant might appeal a sentence agreed to in a plea was whether the agreed upon sentence was for a specific length, as opposed to a range later determined to be inaccurate because of errors in the scoring. This case comports with *Wiley* because defendant agreed to a specific minimum of 24 months, rather than to a range. A defendant waives objection to a sentence by voluntarily and knowingly accepting a plea agreement for that specific sentence. *People v Blount*, 197 Mich App 174, 175; see *Wiley*, 472 Mich at 154. Defendant received the specific benefits that he bargained for in his plea, and thus waived appellate review of the agreed-upon sentence.

Affirmed.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Mark T. Boonstra